## JOHN J. KELLY vs. CHARLES O. BEEDE.

Suffolk.   Jan. 13. — Feb. 25, 1886.   DEVENS & GARDNER, JJ., absent.

At the trial of an action for money had and received, the evidence tended to show that a disagreement had arisen between the plaintiff and the defendant as to which of two lots of land had been originally agreed to be conveyed, the plaintiff contending that it was lot No. 8, and the defendant contending that it was lot No. 7; that, in view of this disagreement, the parties met, and made a new agreement, by which the defendant was to do certain work upon lot No. 7, and then the plaintiff would accept that lot; and that they differed as to the amount of the work which the defendant was to do upon lot No. 7.  The plaintiff contended that the defendant had not done all the work which had been agreed upon, and that the plaintiff was entitled to recover back the money which he had paid towards the price; and the defendant contended that he had performed all the work agreed upon.  There was also evidence that the plaintiff afterwards insisted upon a conveyance of lot No. 8.  The judge, in instructing the jury, mentioned the plaintiff's contention in regard to lot No. 8; stated the subsequent agreement as to the work to be done on lot No. 7; and added, " And the plaintiff contends that lot 7 was never put in such condition; upon the other hand, the defendant contends that there was no mistake or misunderstanding as to the lot which was the subject of contract, and that no such subsequent verbal agreement about lot 7 was made as the plaintiff contends; . . . . that, if the plaintiff proved to their satisfaction that his contention was right, and that lot 7 was not put in the condition which the plaintiff contends that the defendant agreed to put it in, then the plaintiff can recover $100 as upon a failure of consideration."  Held, that the plaintiff had no ground of exception.

CONTRACT to recover $100, money had and received by the defendant to the plaintiff's use, on June 6, 1881.  At the trial in the Superior Court, before *Rockwell*, J., the jury returned a verdict for the defendant; and the plaintiff alleged exceptions, which appear in the opinion.

*G. R. Swasey*, for the plaintiff.

*R. E. Harmon*, for the defendant.

C. ALLEN, J.  This case turns upon the construction to be given to the language of the instructions of the presiding judge to the jury; and this depends upon an examination of the posture of the case at that time, and a consideration of what questions were then material.

The position of the plaintiff was this: that a disagreement had arisen between him and the defendant as to which one of two lots of land had been originally agreed to be conveyed, the plaintiff contending that it was lot No. 8, and the defendant

contending that it was lot No. 7; that, in view of this disagreement, the parties met, and made a new agreement, by which the defendant was to do certain work upon lot No. 7, and then the plaintiff would accept that lot. So far, both parties agreed; but they differed as to the amount of the work which the defendant was to do upon lot 7. The plaintiff contended that the defendant had not done all the work which had been agreed upon; and that therefore he, the plaintiff, was entitled to recover back the money which he had paid towards the price. The defendant contended that he had performed all the work agreed upon.

There was also evidence, presumably from the plaintiff himself, that in September, 1881, which we suppose to have been after all the above-mentioned things had taken place, the plaintiff insisted upon a conveyance of lot No. 8.

It thus clearly appears that, although the plaintiff continued to insist that the original agreement was for lot No. 8, yet this question had become entirely subordinate, if not immaterial. In instructing the jury, the judge mentioned that the plaintiff made this contention in regard to lot No. 8. This was mentioned apparently as a preliminary matter, for the purpose of showing how the disagreement between the parties arose. The judge then went on to state the real question in the case, namely, the subsequent agreement as to the work to be done on lot No. 7. He then added: "And the plaintiff contends that lot 7 was never put in such condition; upon the other hand, the defendant contends that there was no mistake or misunderstanding as to the lot which was the subject of contract on the 6th of June, and that no such subsequent verbal agreement about lot 7 was made as the plaintiff contends." Having thus stated the question in issue, he proceeded to say, that, " if the plaintiff proved to their satisfaction that his contention was right, and that lot 7 was not put in the condition which the plaintiff contends that the defendant agreed to put it in, then the plaintiff can recover $100 as upon a failure of consideration."

The plaintiff now contends that this required him to prove, not only that lot No. 7 was not put into the condition agreed upon, but also that his contention was right in respect to lot No. 8 having been the subject of the original bargain; whereas it was not necessary for him to prove that his contention in

respect to lot No. 8 was right.   But we do not think this criticism upon the language of the charge to the jury is well founded. The instruction was substantially favorable to the plaintiff.   It cannot be supposed that the judge intended to rule that it was necessary for the plaintiff to prove that the original bargain was for lot No. 8.   If, at the time when the instruction was given, the plaintiff feared that such a construction might be put upon the language used, he ought to have called particular attention to it then.   But such is not the necessary, and, we think, not the natural, construction of the words.   They must be looked at and construed in view of the actual posture of the case at the time.   The question which lot was the subject of the original contract had become no longer of importance, and there was no occasion for making any ruling in reference to it.   It is more reasonable and natural to understand that the " contention " of the plaintiff which was referred to was that which had been mentioned shortly before, namely, " and the plaintiff contends that lot 7 was never put in such condition ; " and this construction is confirmed, by finding that the judge immediately proceeded to add, as if in explanation of what he meant by the plaintiff's contention, "and that lot 7 was not put in the condition which the plaintiff contends that the defendant agreed to put it in."   This was the precise turning point of the case.   The attention of the jury was specially called to it.   It seems to us altogether probable that they were not misled into supposing that it was necessary for the plaintiff to go further, and prove that the original bargain, which both parties agreed had been followed by a later one, was for lot No. 8.

*Exceptions overruled.*